**Last revised: August 1, 2017**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: | Case No.: _____17-18809_____ |
| Harold & Cheryl Davis | Judge: _____KCF_____ |
| Debtor(s) | |

## Chapter 13 Plan and Motions

☐ Original  ☒ Modified/Notice Required  Date: _____8/4/2017_____

☐ Motions Included  ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: _____JC_____    Initial Debtor: _____HD_____    Initial Co-Debtor: _____CD_____

**Part 1:    Payment and Length of Plan**

   a.   The debtor shall pay $ _____162_____ per _____ to the Chapter 13 Trustee, starting on _____ for approximately _____55_____ months.

   b.  The debtor shall make plan payments to the Trustee from the following sources:

       ☒   Future earnings

       ☐   Other sources of funding (describe source, amount and date when funds are available):

   c.  Use of real property to satisfy plan obligations:

      ☐   Sale of real property
      Description:
      Proposed date for completion: _____

      ☐   Refinance of real property:
      Description:
      Proposed date for completion: _____

      ☐   Loan modification with respect to mortgage encumbering property:
      Description:
      Proposed date for completion: _____

   d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

   e.  ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection  ☒ NONE**

      a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

      b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 3500 + 400 post petition |
| DOMESTIC SUPPORT OBLIGATION | | |

b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| Internal Revenue Service | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: | | $4330.21 |

| **Part 4:** | **Secured Claims** |
|---|---|

**a. Curing Default and Maintaining Payments on Principal Residence:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**c. Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☐ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| Toyota Motor Credit | 2012 Cadillac SRX | $10,700 | $25060.43 |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

| **g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE** | | |
|---|---|---|
| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|  |  |  |

**Part 5:  Unsecured Claims ☒ NONE**

    a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

    ☒ Not less than $ 0_____ to be distributed *pro rata*

    ☐ Not less than _____ percent

    ☐ *Pro Rata* distribution from any remaining funds

    b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:  Executory Contracts and Unexpired Leases ☐ NONE**

    (NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

    All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| Ford Credit | $315 | auto lease | assumed | $315 |

**Part 7:    Motions  ☒ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form,** *Notice of Chapter 13 Plan Transmittal***, within the time and in the manner set forth in D.N.J. LBR 3015-1. A** *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* **must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a.  **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

b.  **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.  ☒ NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒    Upon confirmation

☐    Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2)  Administrative Expenses
3)  Secured Claims
4)  Priority Claims & 5) General Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification** ☐ **NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 4/28/2017_____ .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Toyota filed a secured claim on a 2012 Cadillac SRX they previously repossessed.  This plan is now surrendering that vehicle | Surrendering 2012 Cadillac SRX<br>Adding post petition fees into plan |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☐ NONE

☒ Explain here:
   This is a non discharge case as debtors received a discharge in a Chapter 7 in 2015.  Debtors are not paying 100% to unsecured and are aware that will still be responsible for any debt not paid through this plan. Debtors cannot afford to pay100% to unsecured creditors.

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 8/4/2017_____    /s/James J Cerbone_____
                                                                 Attorney for the Debtor

Date: 8/4/2017_____    /s/Harold Davis_____
                                                                 Debtor

Date: 8/4/2017_____    /s/Cheryl Davis_____
                                                                 Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: 8/4/2017  /s/James J Cerbone
Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 8/4/2017  /s/Harold Davis
Debtor

Date: 8/4/2017  /s/Cheryl Davis
Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:                                                                  Case No. 17-18809-KCF
Harold Davis                                                            Chapter 13
Cheryl Davis
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-3           User: admin                  Page 1 of 2              Date Rcvd: Aug 07, 2017
                               Form ID: pdf901              Total Noticed: 28

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 09, 2017.
db/jdb         +Harold Davis,    Cheryl Davis,    12 Courtney Lane,    Manchester Township, NJ 08759-6030
cr             +First Financial Federal Credit Union,    McKenna, DuPont, Higgins & Stone,    PO Box 610,
                 229 Broad Street,    Red Bank, NJ 07701-2009
516805602     ++FORD MOTOR CREDIT COMPANY,    P O BOX 62180,    COLORADO SPRINGS CO 80962-2180
               (address filed with court:  Ford Motor Credit Company, LLC,    Dept 55953 P.O. Box 55000,
                 Detroit, MI 48255-0953)
516797847       Fingerhut,    PO Box 166,   Newark, NJ 07101-0166
516797849       First National Credit Card,    PO Box 2496,   Omaha, NE 68103-2496
516797850      +First Premier Bank,    PO Box 5514,   Sioux Falls, SD 57117-5514
516797851       First Savings Credit Card,    PO Box 2509,   Omaha, NE 68103-2509
516797852      +Ford Credit,    PO Box 542000,   Omaha, NE 68154-8000
516797854       Mazzoni Law Firm,    1170 East Landis Avenue,    Vineland, NJ 08360-4230
516797855      +Midamerica Bank,    5109 S Broadband Lane,    Sioux Falls, SD 57108-2208
516797856       Midamerica/Milestone,    PO box 4449,   Beaverton, OR 97076
516797858      +Ocean Orthopedic Associates PA,    530 Lakehurst Road, 1st floor,    Toms River, NJ 08755-8063
516797859      +Professional Orthopaedics of Toms River,    1430 Hooper Ave # 101,    Toms River, NJ 08753-2895
516797860       Raymour & Flanigan,    PO Box 130,   Liverpool, NY 13088-0130
516797861      +Renee Falivene DDS,    232 Norwood Avenue,    West Long Branch, NJ 07764-1859
516797862       Stoneberry,    PO Box 2820,   Monroe, WI 53566-8020
516929235      +TD Retail Card Services,    c/o Creditors Bankruptcy Service,    P O Box 800849,
                 Dallas, TX 75380-0849
516825382      +Toyota Motor Credit Corporation (See 410),    PO Box 9013,   Addison, Texas 75001-9013

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Aug 07 2017 22:27:32      U.S. Attorney,   970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Aug 07 2017 22:27:29      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,   One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
516797846      +E-mail/PDF: creditonebknotifications@resurgent.com Aug 07 2017 22:23:53      Credit One Bank,
                 PO Box 98875,   Las Vegas, NV 89193-8875
516797848      +E-mail/Text: nculp@firstffcu.com Aug 07 2017 22:28:16      First Financial FCU,   PO Box 1172,
                 Toms River, NJ 08754-1172
516879469       E-mail/Text: danielle@redbanklaw.com Aug 07 2017 22:26:49
                 First Financial Federal Credit Union,    C/O McKenna, DuPont, Higgins & Stone, PC,    PO Box 610,
                 Red Bank, NJ 07701-0610
516797853       E-mail/Text: cio.bncmail@irs.gov Aug 07 2017 22:27:10      Internal Revenue Service,
                 PO Box 7346,   Philadelphia, PA 19101-7346
516930370       E-mail/PDF: resurgentbknotifications@resurgent.com Aug 07 2017 22:24:10
                 LVNV Funding, LLC its successors and assigns as,    assignee of FNBM, LLC,
                 Resurgent Capital Services,    PO Box 10587,   Greenville, SC 29603-0587
516797857       E-mail/Text: ebn@barnabashealth.org Aug 07 2017 22:27:52      Monmouth Medical Center,
                 PO Box 29962,   New York, NY 10087-9962
516978616       E-mail/Text: bnc-quantum@quantum3group.com Aug 07 2017 22:27:23
                 Quantum3 Group LLC as agent for,    Sadino Funding LLC,   PO Box 788,
                 Kirkland, WA  98083-0788
516797863       E-mail/Text: bankruptcy@td.com Aug 07 2017 22:27:34      TD Bank,   PO Box 1377,
                 Lewiston, ME 04243-1377
                                                                                               TOTAL: 10

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516867622*    ++FORD MOTOR CREDIT COMPANY,    P O BOX 62180,    COLORADO SPRINGS CO 80962-2180
               (address filed with court:  Ford Motor Credit Company, LLC,    PO BOX 62180,
                 COLORADO SPRINGS CO 80962-4400)
                                                                                               TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

```
District/off: 0312-3          User: admin              Page 2 of 2           Date Rcvd: Aug 07, 2017
                              Form ID: pdf901          Total Noticed: 28
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 09, 2017                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 4, 2017 at the address(es) listed below:
          Albert   Russo    docs@russotrustee.com
          Denise E. Carlon    on behalf of Creditor    Toyota Motor Credit Corporation
           dcarlon@kmllawgroup.com,   bkgroup@kmllawgroup.com
          James J. Cerbone    on behalf of Joint Debtor Cheryl   Davis cerbonelawfirm@aol.com
          James J. Cerbone    on behalf of Debtor Harold   Davis cerbonelawfirm@aol.com
          Michael R. DuPont    on behalf of Creditor    First Financial Federal Credit Union
           dupont@redbanklaw.com,   dana@redbanklaw.com
          U.S. Trustee.    USTPRegion03.NE.ECF@usdoj.gov
                                                                                    TOTAL: 6
```